IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                        Plaintiff,

  v.

JONATHAN E. CONLEY,

                        Defendant.

OPINION and ORDER

25-cr-32-jdp

---

      Defendant Jonathan E. Conley is charged with two counts of possessing with intent to distribute methamphetamine and two counts of possessing with intent to distribute fentanyl, all in violation of 21 U.S.C. § 841(a)(1). Dkt. 2. Conley moves to suppress evidence seized during a warranted search of a Madison residence on Brandie Road. Dkt. 22. Conley contends that special agent Ryan Volenberg, the law enforcement officer who applied for the warrant, omitted information detrimental the credibility of an informant, in violation of *Franks v. Delaware*, 438 U.S. 154 (1978), and he requests an evidentiary hearing. The government opposed the motion, Dkt. 28, and Conley replied, Dkt. 29.

      Magistrate Judge Boor issued a Report and Recommendation that the motion be denied without the requested *Franks* hearing. Dkt. 40. Conley objects to the Report and Recommendation. Dkt. 41. Pursuant to 28 U.S.C. § 636(b)(1) and this court's standing order, I am required to review de novo the objected-to portions of the Report and Recommendation.

      I will assume familiarity with the background to Conley's motion, which is stated in the Report and Recommendation. Conley does not object to Judge Boor's factual findings.

      Conley's objection is that the Report and Recommendation gives short shrift to an argument made in his reply. That argument, in essence, is that once Judge Boor determined

that Volenberg had improperly omitted information relevant to the credibility of the informant, a *Franks* hearing was necessary. This is because, according to Conley, "the 'questions of materiality' and the 'affiant's state of mind are intertwined.'" Dkt. 41, at 2 (citing *United States v. Clark*, 935 F.3d 558, 566 (7th Cir. 2019). In other words, if Volenberg omitted material that should have been included, then his overall credibility is questionable, and the entire warrant application is dubious. The court is not persuaded.

The idea that materiality and the affiant's state of mind are intertwined is not a general principle of law. The court in *Clark* actually said "*In this case*, the questions of materiality and the police affiant's state of mind are intertwined." *Id*. (emphasis added). *Clark* involved a warrant application the depended primarily on an informant's statements, without robust corroboration. Those circumstances permitted an inference that the omission was intentional or reckless. As the court put it: "If the showing of probable cause in the warrant application depended on the credibility of the informant, that permissible inference should be enough to obtain a *Franks* hearing." *Id*.

The warrant application in this case did not depend on the credibility of the informant. The informant provided information that implicated Conley as her drug supplier, but Volenberg and his colleagues spent three and a half months in further investigation, confirming what the informant said and developing additional evidence. The informant's statements, in paragraph 1.e. of the supporting affidavit, are a relatively minor part of the supporting affidavit. It was the further investigation that provided probable cause for the warrant.

Conley contends that the further investigation failed to yield a smoking gun, and thus it failed to corroborate the informant's statements that Conley was involved in drug dealing. Dkt. 29, at 3. Conley is correct that law enforcement did not conduct any controlled buys or

directly witness money and drugs change hands, and the stop of the suspected customers yielded no contraband. But probable cause doesn't require smoking-gun evidence. And the warrant application didn't have to prove that Conley was dealing drugs, it had to establish probable cause to search the house on Brandie Road. For reasons explained by Judge Boor, there was plenty of evidence to establish that, apart from the informant's statements: the text messages between the informant and Conley; Conley's repeated visits to the Brandie Road house; short-term traffic at the house; the baggie corners and drug residue in the trash. It all adds up to a compelling showing of probable cause to search the house.

Under *Franks*, "the defendant must make a 'substantial preliminary showing' of (1) a material falsity or omission that would alter the probable cause determination, and (2) a deliberate or reckless disregard for the truth." *United States v. Glover*, 755 F.3d 811, 820 (7th Cir. 2014) (citations omitted). Conley has failed to make the first required showing, because the credibility information about the informant would not have altered the probable cause determination. There was just too much else to support the warrant.

As the court explained in *Clark*, an omission of the informant credibility information is enough to permit the court to infer a reckless disregard of the truth. 935 F.3d at 566. But the inference is not a mandatory one, and the court will not draw it here. With the extensive investigation and the ample support for the warrant, it would be hard to infer that Volenberg's error reflects any attempt to deceive the judge who issued the warrant.

The court will adopt the Report and Recommendation.

ORDER

IT IS ORDERED that the Report and Recommendation, Dkt. 40, is adopted, and defendant's motion to suppress, Dkt. 22, is denied.

Entered October 2, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge